No. 28,410.

The Kansas Wheat Growers Association, *Appellant*,
v. C. E. Toothaker, *Appellee*.

(278 Pac. 716.)·

Opinion filed July 6, 1929.

*T. A. Noftzger, George W. Cox, Lawrence Weigand, W. J. Masemore*, all of Wichita, and *C. L. Thompson*, of Hoxie, for the appellant.

*F. A. Sloan*, of Hoxie, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one to recover, from a member of the Kansas Wheat Growers Association, damages, expenses and attorney fees for failure of the member to deliver wheat according to his contract with the association. Judgment was rendered for defendant, and plaintiff appeals.

The controversy relates to nondelivery to plaintiff of wheat sold by defendant in June, 1922, and in August, 1922. The court made full findings of fact, which were sustained by the evidence, and stated the following conclusions of law:

"1. Defendant is not liable for damages to plaintiff because wheat sold during August, 1922, was not accepted by elevator controlled by plaintiff association, and as he was under obligations to deliver wheat at the earliest reasonable time after harvest, and as he had been instructed by plaintiff to deliver same to Farmers Elevator, and had not received any different instruction prior to time of said delivery, he was released from the obligation of delivering said particular wheat to plaintiff, and for damages for such failure so to do.

"2. The defendant is not liable in damages to plaintiff for wheat sold during June, 1922, because there is no showing that it was raised during any of the years for which contract was in force, nor that it was on hand with defendant at time of the signing of the contract, nor for what year it was raised, nor whether the same had been purchased by the defendant and not been raised and produced by him."

Plaintiff contends the conclusions of law were unsound.

It appears that in July, 1922, plaintiff discussed with the manager of its elevator at Hoxie plans for handling the 1922 wheat crop, and the expectation was that wheat would be shipped as rapidly as enough came in to load a car. Defendant commenced to harvest his crop about July 1. Previous to August 1 plaintiff instructed defendant to deliver his wheat to the elevator. Defendant's farm was three or four miles from Hoxie. About August 30 he hauled to town three loads of wheat and took them to plaintiff's elevator. The manager would not accept the wheat, and defendant sold it to the Robinson Milling Company, of Hoxie. Plaintiff's manager was a witness for plaintiff. He testified cars were scarce, the elevator was full, and he could not take the wheat. He did not testify that, so far as defendant was concerned, tender of the wheat was inopportunely made, or that he gave defendant any instruction with reference to temporary disposition or subsequent delivery of the wheat. There was nothing in defendant's contract with the association, or in the instructions he had received, which required him to do more than he did do, and he is not liable in damages for failure to redeliver his wheat.

There was no evidence which identified the wheat which defendant sold in June with any wheat covered by the contract. Plaintiff cites paragraph 12 of the contract. That paragraph related to wheat produced or acquired by or for defendant as landlord or lessor. Plaintiff merely proved that defendant sold and delivered wheat to the Robinson Milling Company. Plaintiff cites paragraph 13-a of the contract, which mentioned commercial wheat under defendant's control. That paragraph related to length of time the contract should continue to be binding. Proof that defendant sold and delivered wheat to a purchaser other than the association did not make a *prima facie* case against him.

The judgment of the district court is affirmed.